# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

December 11, 2024

By ECF and Electronic Mail
The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Sinmyah Amera Ceasar, 17-cr-48 / 19-cr-117 / 22-cr-459 (KAM)

Dear Judge Matsumoto,

We had very much hoped to go forward with Ms. Ceasar's sentencing tomorrow, December 12, 2024, but upon further reflection and with the benefit of understanding (at least somewhat) the government's position, as noted in its letter of December 10, 2024, concerning Probation's motion to withdraw the VOSR specifications, we respectfully ask for a short adjournment so that the parties can fully brief the issues of:

(1) "the continuing validity of the supervised release violations" (*see* Gov't Letter of Dec. 10, 2024);
(2) whether the government has standing to object to Probation's motion to withdraw, given that Probation – not the U.S. Attorney's Office – decides whether to charge a violation of supervised release (similarly, Probation cannot "object" if the government decides to dismiss a criminal charge);
(3) whether Ms. Ceasar's conduct during the period after the Court of Appeals vacated the sentence can and should be considered by the Court in resentencing her on the criminal charges, and what that conduct actually consisted of if she was not in fact on supervised release at that time (*see, e.g., United States v. Lipscomb*, 66 F.4th 604 (5th Cir. 2023); *United States v. Thomas*, 135 F.3d 873, 876 (2d Cir. 1998)).

The government objects to this requested adjournment, on the grounds that it is last-minute and that in our letter of yesterday, we indicated that we were prepared to proceed. It is last-minute because we only learned of this issue on the evening of December 9, 2024; in our letter, which we had less than a day to file, we thought we could go forward and said that in good faith, but had not been able to reach the government to learn its position before filing it, plus have now had time to research and reflect. We are grateful to Probation for identifying and raising the issue. It is a tricky issue and we do not believe that it would be appropriate to hear for the first time during the actual sentencing what the government's view

is as to the validity of the violations and have to respond on the fly. Moreover, as stressful and frustrating as a last-minute adjournment would be for all of us, that, in our view, cannot outweigh the importance, particularly in this case, of getting all the law and facts right, which is best done through thoughtful briefing and argument.

We also need sufficient time to explain the issue fully to Ms. Ceasar prior to sentencing.

Thank you for your consideration of this request.

Respectfully Submitted,
/s/
Deirdre D. von Dornum
Samuel I. Jacobson
Federal Defenders of New York

cc: all counsel of record (via ECF)
U.S. Probation (via Email)