AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> Sinmyah Amera Ceasar | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: 17CR48; 19CR117; 22CR459 <br><br> USM Number: 89767-053 <br><br> Deirdre Dionysia Von Dornum, Esq. Samuel Jacobson, <br> Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   A Single Count Information in 17CR48; 19CR117; and 22CR459

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§§ 2339B(a)(1) and (d) | Conspiracy To Provide Material Support To A Foreign Terrorist Organization; Class C Felony | 11/15/2016 | 1 in 17CR48 |
| 18 U.S.C. § 1512(c)(1) | Obstruction Of An Official Proceeding, Class C Felony | 7/19/2018 | 1 in 19CR117 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/9/2025
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

4/9/2025
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § § 3146(a)(1) and 3146(b)(1)(a)(i) | Failure To Appear, Class C Felony | 8/25/2021 | 1 in 22CR459 |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

230 total months, with credit for the previous time served on her initial pretrial custody and original sentence, plus her time in custody after her arrest in New Mexico by the FBI, apportioned as follows:

a. 192 months (16 years) for Conspiracy to Provide Material Support (17CR48).

b. 47 total months (3 years and 11 months) for Obstruction of an Official Proceeding (19CR117) apportioned as 45 months for the Obstruction offense, which is to run concurrently to the term imposed for the Material Support Conspiracy, plus 2 months for the enhancement under 18 U.S.C. § 3147, which must run consecutively to any other term of imprisonment.

c. 36 total months (3 years) for Failure to Appear (22CR459), apportioned as 34 months for the Failure to Appear offense, which is to run consecutively to any other term of imposed, plus 2 months for the enhancement under 18 U.S.C. § 3147, which must run consecutively to any other term of imprisonment.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court respectfully requests that Ms. Ceasar be designated to the Federal Satellite Camp in Danbury, Connecticut to facilitate family visits. She is encouraged to avail herself of educational or vocational and mental health treatment. Ms. Ceasar is encouraged to participate in BOP's Financial Responsibility Program that will assist her with making payments towards her assessment obligation.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

a. 8 years for the Material Support Conspiracy offense (17CR48).

b. 3 years for the Obstruction offense (19CR117).

c. 3 years for the Failure to Appear offense (22CR459).

All term shall run concurrently, with the standard and special conditions of release.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page __6__ of __9__

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

# SPECIAL CONDITIONS OF SUPERVISION

a. Because of her extensive mental health history, Ms. Ceasar shall participate in a mental health trauma-focused treatment program approved by the Probation Department. She shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by Probation, based upon her ability to pay and/or the availability of third-party payment. She shall provide complete and truthful financial disclosure to Probation. Probation may assess her ability to pay.

b. Because of the nature of her Material Support Conspiracy and Obstruction offenses, Ms. Ceasar shall participate in polygraph examinations required by Probation to obtain information necessary for risk management and correctional treatment.

c. Because of the nature of her offenses, and history of lack of compliance with conditions of release, Ms. Ceasar shall cooperate with Probation's Computer and Internet Management/Monitoring ("CIMP") program. Cooperation shall include, but not be limited to, truthfully and completely identifying computer systems (as defined in 18 U.S.C. § 1030 (e)(1)), Internet-capable devices, and/or any electronic media capable of data storage the defendant has access to, allowing an initial examination of the devices, and installation of monitoring software/hardware on the devices, at Ms. Ceasar's expense. The monitoring software/hardware is authorized to capture and analyze all data processed by and/or contained on the device, including the geolocation of the device. She must provide Probation advance notification of planned use or purchase of any devices. She shall not use any devices without probation's approval until compatibility with current monitoring software/hardware is determined and installation of monitoring software/hardware is completed. Probation may access the device and/or data captured by the monitoring software/hardware at any time with or without suspicion that she has violated the conditions of supervision. Given her history of undisclosed devices, she may be limited to possessing only one personal Internet-capable device, to facilitate Probation's ability to effectively manage and monitor the device. Ms. Ceasar shall also permit seizure and removal of computer systems, Internet-capable devices, and any electronic media capable of data storage for further analysis by law enforcement or Probation based upon reasonable suspicion that a violation of a condition of supervision or unlawful conduct by Ms. Ceasar has or is about to occur. Failure to comply with the monitoring, seizure and/or search of any computer systems, Internet- capable devices, and any electronic media capable of data storage may result in adverse action such as sanctions and/or revocation. Ms. Ceasar shall inform all parties that access a monitored device, that the device is subject to search and monitoring.

d. Because of the nature of her offenses, Ms. Ceasar shall truthfully and completely report to Probation any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for user communications, dissemination and/or storage of digital media files (i.e., audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. She shall provide each account 1dentifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation of release. She shall permit Probation to access and search any accounts using her credentials pursuant to this condition only when reasonable suspicion exists that she has violated a condition of her supervision and that the accounts to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 7 of 9

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

# SPECIAL CONDITIONS OF SUPERVISION CONTINUE

e.  Because of the nature of her offenses, Ms. Ceasar shall not associate in person, directly or indirectly, through mail, electronic mail or telephone (Instagram, or any encrypted platform) with any individual with an affiliation to any organized crime groups, gangs or any other criminal enterprise, including organizations which advocate, support, or engage in terrorism; nor shall she frequent any establishment, or other locale where members of these groups may meet pursuant, but not limited to, a prohibition list provided by Probation. This condition shall not apply to houses of worship, but is without prejudice to site-specific prohibitions ordered upon application for appropriate modification.

f.  Because of the nature of her offenses, Probation may share information obtained during its monitoring of her phone, electronic, Internet-capable, and/or computer systems, communications accounts, and devices with the FBI, or other relevant law enforcement agencies, to assist Probation in risk management and assessing Ms. Ceasar's compliance with the terms of her supervision.

g.  Because of the nature of her Failure to Appear offense, Ms. Ceasar shall be subject to a curfew and monitored by location monitoring for a period of 6 months, using specific technology to be determined by Probation. She is restricted to her residence every day from 10:00 p.m. to 6:00 a.m. or as directed by the supervising officer. She shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the Court and supervising officer.

h.  Because of the nature of her offenses, Ms. Ceasar shall submit her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. She shall advise any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that she has violated a condition of her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

i.  Because of her previous uses of aliases, Ms. Ceasar shall not obtain or possess any form of identification in any name, Social Security number, and/or date of birth other than her true legal name, Social Security number, and date of birth. She shall not use, for any reason or purpose in any manner, any name, Social Security number, and/or date of birth other than her true legal name, Social Security number, and/or date of birth.

j.  Because of the nature of her Material Support Conspiracy offense, upon request, Ms. Ceasar shall provide Probation with full disclosure of her financial records, whether or not in her name, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, Ms. Ceasar is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of Probation. She shall cooperate with the Probation Officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income and expenses. She shall cooperate in the signing of any necessary authorization to release information forms permitting Probation access to her financial information and records.

k.  Because of the nature of some of Ms. Ceasar's conduct, including requesting and receiving money related to the Material Support Conspiracy offense, Ms. Ceasar is prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of Probation. She is prohibited from becoming an authorized user on any other individual's credit, charge, or debt account, (or Zelle or internet capable platform) without the approval of Probation. She shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the express approval of the Court.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 8 of 9

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 300.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __9__ of __9__

DEFENDANT: Sinmyah Amera Ceasar
CASE NUMBER: 17CR48; 19CR117; 22CR459

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __300.00__ of which a balance of $175 is due immediately.

  ☐ not later than _____ , or
  ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
The Court notes that Ms. Ceasar has paid $125 of her prior $200 special assessment imposed by Judge Weinstein in USA v Sinmyah Amera Ceasar, docket numbers,17CR48 and 19CR117. She owes an additional $100 in 22CR459. A balance of $175, is due immediately, and shall be paid to the Clerk of Court, US District Court, (EDNY), 225 Cadman Plaza East, Brooklyn, NY 11201, and shall include case caption, USA v. Sinmyah Amera Ceasar, and case numbers 17CR48; 19CR117; and 22CR459. Failure to pay the assessment will be considered a violation of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to Rule 3 2.2 of the Federal Rules of Criminal Procedure, Ms. Ceasar has consented to forfeit all right, title and interest in the following assets listed on the Final Order of Forfeiture (doc #198) entered and signed by Judge Matsumoto on January 9, 2023. The Final Order of Forfeiture is attached hereto and incorporated herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.